IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Casey Ackevias Truesdale, ) | Case No. 4:24-cv-07055-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Mr. Barry S. Faile, Ms. Corrance, ) | |
| Larry Dean, Chris R. Williams, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter is before the Court on Plaintiff's Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 17.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings.

    Plaintiff's Complaint was entered on the docket on December 6, 2024. [Doc. 1.] On December 11, 2024, the Court entered an Order advising Plaintiff that his Complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted and giving Plaintiff 21 days to file an amended complaint to address the deficiencies in his original Complaint. [Doc. 6.] Plaintiff was advised that if he failed to file an amended complaint within 21 days, the Magistrate Judge would recommend that his claims be dismissed with prejudice. [*Id.* at 4.] On January 27, 2025, a letter from Plaintiff along with several documents related to his medical history was entered on the docket [Doc. 12], but Plaintiff failed to submit an amended complaint.

    On February 13, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance and service of process either without prejudice

under Rule 41(b) of the Federal Rules of Civil Procedure or, in the alternative, with prejudice for failure to state a claim upon which relief can be granted. [Doc. 17.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 8.] Plaintiff's objections were entered on the docket on February 26, 2025. [Doc. 19.] This matter is now ripe for consideration.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

In his objections, Plaintiff appears to ask for discovery, including concerning individuals not named as defendants in the Complaint, and makes other allegations that do not appear to be either tied to the allegations in the Complaint or directed to the deficiencies identified by the Magistrate Judge in his December Order. [Doc. 19.]

Additionally, in October 2025, Plaintiff submitted a letter to the Court. [Doc. 26.] However, Plaintiff has never submitted an amended complaint as directed by the Magistrate Judge.

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's recommendations.  Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference to the extent it is consistent with this Order.  The Court concludes that Plaintiff has failed to prosecute this case by failing to comply with an Order of this Court.  Accordingly, this action is DISMISSED without prejudice under Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 25, 2025
Florence, South Carolina

### **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.